UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

GUILLERMO JOSE GONZALEZ DIAZ

    Plaintiff,

    v.

SAFE HAVEN, LLC, a Marshall Islands
limited liability company

    Defendants.
_____/

## COMPLAINT

Guillermo Jose González Díaz ("Plaintiff" or "Diez") hereby sues Safe Haven, LLC ("Defendant" or "Safe Haven") and alleges:

### PRELIMINARY STATEMENT

1. As a result of Safe Haven's negligence and the unseaworthiness of its motor yacht, the M/Y SAFE HAVEN, Diez sustained serious and permeant injuries while working in the course and scope of his employment as a crewmember onboard the Vessel. Thereafter, Safe Haven failed to pay maintenance, cure and wages as required by general maritime law.

2. Diez's claims are brought pursuant to the Jones Act and the general maritime law and include claims for negligence, unseaworthiness, breach of contract, and failure to pay maintenance and cure.

### THE PARTIES

3. The Plaintiff, GUILLERMO JOSE GONZALEZ DIAZ, is a resident of Ft. Lauderdale, Florida and is a "seaman" as defined by 46 U.S.C. § 10101(3) because he was employed as a crewmember onboard Defendant's yacht at all relevant times.

4. The Defendant, SAFE HAVEN, LLC is a Marshall Islands limited liability company, entity number 964905 and owns the M/Y SAFE HAVEN, a 123-foot Admiral leisure vessel ("the Vessel").

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is a personal injury action brought pursuant to the Jones Act, 46 U.S.C. § 30104, and arises from personal injuries sustained by Plaintiff while working as a seaman for the Defendant.

6. Venue is proper in the Southern District of Florida pursuant § 1391(b)(2) because a substantial portion of the events at issue occurred in this District, including but not limited to: the tortious acts giving rise to this suit occurred substantially in this District; the Plaintiff was hired by Defendant in this District; the Plaintiff was treated for his injuries in this District; and the Plaintiff is domiciled in this District.

7. Defendant, is subject to personal jurisdiction in this state pursuant to Fla. Stat §§ 48.193 because it personally or through an agent:

   a. Operated, conducted or engaged in or carried on a business venture in this state and/or county including hiring employees in this state; entering into contracts in this state; purchased provisions and fuel for the Vessel in this state; and offered the yacht for charter in the State of Florida.

   b. Engaged in substantial and not isolated activity within this state, by, among other things performing work on the Vessel in this state; hiring employees in this state; entering into contracts in this state; purchasing provisions and fuel for the Yacht in this state; and offering the M/Y SAFE HAVEN for charter in the State of Florida.

  c. Committed tortious acts within this state including negligently causing harm to Diez by creating or failing to correct an unreasonably dangerous condition on the M/Y SAFE HAVEN; failing to warn Diez of the dangerous slippery condition of the Yacht's stairwell in Florida; failing to provide a reasonably safe working environment in Florida; failing to maintain a seaworthy Vessel in Florida; failing to pay wages, maintenance and cure owed to Diez in Florida; and by causing past and future damages to Diez in Florida.

## FACTUAL ALLEGATIONS

8. Diez and Safe Haven entered into an employment contract with an effective date of July 17, 2020, whereby Defendant agreed to employ Plaintiff as the Yacht's engineer. *Employment Contract* attached as **Exhibit 1**.

9. Pursuant to the parties' Employment Contract, Defendant agreed to pay Plaintiff a salary of approximately $7,500.00 USD.

10. In or about December 2020, Plaintiff received a raise increasing his monthly salary to approximately $8,000.00.

11. In or about November 2020, the Vessel was located out of the water at Lauderdale Marine Center shipyard in Ft. Lauderdale, Florida where it was undergoing repairs and upgrades.

12. The crew, including Diez remained onboard, living and working as the work was underway in the shipyard.

13. On or about November 19, 2020, the Diez was instructed by the Vessel's Captain to report for duty early the following day to prepare the Vessel to be re-launched.

14. Early in the morning on November 20, 2020, as Diez was reporting for duty, he slipped and fell down one of the Vessel's exterior stairways leading to the engine room, which unbeknownst to him was being treated with a slippery substance used to clean teak decking.

15. Plaintiff was unaware the stairs were being treated, was not warned the stairs might be slippery and unsafe, and the dangerous condition of the stairs was not obvious or apparent.

16. As a result of the slippery condition of the stairs, the Plaintiff fell all the way down the flight of stairs landing hard at the bottom and was seriously injured.

17. After falling, Plaintiff was transported to the hospital by first responders where he began treatment for his injuries.

18. However, Plaintiff's injuries were so severe that he was unable to continue working as a crewmember onboard the Vessel immediately after the fall.

19. On or about February 5, 2021, although Plaintiff had not been declared to be at maximum medical improvement ("MMI"), and before the end of his contract period, Defendant terminated Plaintiff from his employment on the Vessel.

20. Plaintiff did not receive maintenance and cure until he reached MMI.

21. Plaintiff was not paid his wages through the end of his contract period.

22. Plaintiff did not receive the health benefits required by his Employment Contract.

23. As a result of Defendant's failure to pay maintenance, cure, and wages, Plaintiff was forced to forgo certain medical treatments and therapies, which increased his pain and suffering and negatively impacted his recovery.

## COUNT I
## JONES ACT NEGLIGENCE – 46 U.S.C. § 30104

Plaintiff adopts and re-alleges paragraphs 1 through 21, and further alleges:

24. At all material times, Defendant was a Jones Act Employer and had a fundamental absolute and non-delegable duty under the Jones Act, 46 U.S.C. Section 30104, to provide the Plaintiff with a reasonably safe place to work and use ordinary care to maintain the vessel in a relatively safe condition.

25. Defendant is liable in damages for injury resulting in whole or in part from its negligence or the negligence of its, agents, or employees.

26. Plaintiff's injuries were due to the negligence of Defendant and/or its agents, servants, and/or employees, including, without limitation, caused in one or more of the following ways:

    a. failing to provide a reasonably safe place to work by causing the stairs to be dangerously slippery or allowing this condition to remain uncorrected;

    b. failing to warn Plaintiff of the dangerously slippery condition of the stairwell;

    c. failing to have procedures in place to warn crewmembers of dangerous conditions created by the maintenance and work performed onboard;

27. The foregoing negligence caused the Plaintiff to suffer severe injuries which required and continue to require medical care and attention and which are permanent in nature.

28. As a further direct and proximate result of the above-described negligence of Defendant, Plaintiff has in the past and will in the future suffer and incur the following damages: cost and expense of medical care, attention and treatment, the cost of travel necessary to secure medical care; loss of earnings and a loss or impairment of earning capacity and working ability; pain and suffering, mental anguish, disfigurement, disability, inconvenience and loss of enjoyment of life.

WHEREFORE, the Plaintiff demands judgment against SAFE HAVEN, LLC together with any and all compensatory damages, pre-judgment interest, costs and any other relief that this Court deems proper.

## COUNT II
## FAILURE TO PROVIDE PROMPT PAYMENT
## OF MAINTENANCE & CURE

Plaintiff adopts and re-alleges paragraphs 1 through 21, and further alleges:

29. Under the General Maritime Law, Plaintiff, as an injured seaman, is entitled to recover maintenance and cure from his employer, SAFE HAVEN, LLC, until he is declared to have reached maximum medical improvement.

30. Defendant's maintenance and cure obligation includes payment of unearned wages, (regular contract wages, overtime, vacation pay, and tips), which are reasonably anticipated through the end of the contract or voyage, whichever is longer.

31. When Plaintiff was injured in the service of the Vessel, it became the duty of Safe Haven, LLC to furnish plaintiff with maintenance and cure until such time as he reaches maximum cure.

32. Safe Haven, LLC failed to provide Plaintiff with maintenance and cure as required and fired Plaintiff rather than pay his wages through the end of the agreed period.

33. SAFE HAVEN, LLC's delay, failure and/or refusal to pay Plaintiff's wages and maintenance and cure was, willful, arbitrary, capricious, and in disregard of the Plaintiff's rights as a seaman and punitive damages should therefore be awarded.

34. As a result of Defendant's failure to pay maintenance, cure and wages, Plaintiff suffered harm, including, without limitation, bodily injury, emotional distress, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. One or more of the losses are permanent and/or continuing, and Plaintiff will continue suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against SAFE HAVEN, LLC together with any and all compensatory damages, punitive damages, statutory interest as permitted, pre-judgment interest as permitted, attorney's fees as permitted, costs as permitted and any other relief that this Court deems proper.

## COUNT III
## UNSEAWORTHINESS

Plaintiff readopts and realleges paragraphs 1 through 23, and further alleges:

35. Safe Haven, LLC had the absolute, non-delegable duty to provide Plaintiff with a seaworthy vessel.

36. A vessel is unseaworthy if the vessel and its appurtenances are not reasonably fit for their intended use.

37. The unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of one or more of the following:

   d. The Vessel's stairs were not reasonably safe to use,

   e. The Vessel's stairs not reasonably maintained free of hazardous conditions for the crew's safety,

   f. The crew were not provided reasonable training, equipment, or procedures to prevent or correct hazardous conditions.

   g. Procedures to prevent injuries of this type or to warn crew of dangers created by the ongoing maintenance were not in place.

WHEREFORE, Plaintiff demands judgment against Safe Haven, LLC together with any and all compensatory damages, pre-judgment interest, costs and any other relief that this Court deems proper.

## COUNT IV
## BREACH OF CONTRACT

Plaintiff readopts and realleges paragraphs 1 through 23 and further alleges:

38. Plaintiff and Defendant entered into a contract for employment ("Employment Contract"). **Exhibit 1**.

39. Defendant breached the Employment Contract because:

   a. The Employment Contract provided for health and medical benefits to Plaintiff, paid by Defendant. **Exhibit 1, p. 5, ¶ 11.**

   b. Defendant failed to pay for such health and medical benefits.

Defendant also failed to pay for repatriation expenses pursuant to the Employment WHEREFORE, Plaintiff demands judgment against Safe Haven, LLC together with any and all compensatory damages, pre-judgment interest, costs and any other relief that this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any issue triable of right by a jury.

Dated:  February 18, 2022                     Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, Thrid Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Email:  michael@moore-and-co.com
Email:  cnaughton@moore-and-co.com

/s/ Clay M. Naughton
Clay M. Naughton
Florida Bar No. 29302
Michael T. Moore
Florida Bar No. 207845